IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Capital Investment Funding, LLC, | C/A No. 6:12-3401-MGL-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Arthur Field; Kathryn Taillon; Brad Kelley; et al., | |
| Defendants. | |
| Arthur M. Field, Individually, And on behalf of the Other Members of Capital Investment Funding, LLC, And the Class of Note Holders Capital Investment Funding, LLC, and Kathryn Taillon, | |
| Third Party Plaintiffs, | |
| vs. | |
| Jerry Saad, Curtis Stodghill, Craig Allen, et al., | |
| Third Party Defendants. | |

Defendants Arthur M. Field and Kathryn Taillon ("Third Party Plaintiffs"), proceeding *pro se*, together have filed a pleading entitled Third Party Claim ("Third Party Complaint") pursuant to Fed. R. Civ. P. 14 seeking issuance and service of a summons and complaint on certain non-parties who allegedly are or may be liable to them for all or part of the claims against them. ECF No. 89–90. The Third Party Complaint is subject to summary dismissal.

Background

Plaintiff Capital Investment Funding, LLC ("CIF") brings this lawsuit seeking damages against many defendants, including Arthur M. Field and Kathryn Taillon, alleging many causes of action including civil RICO violations of 18 U.S.C. § 1961. ECF No. 11. Defendants Arthur M. Field and Kathryn Taillon, proceeding *pro se*, each responded to this civil action by filing a Motion to Dismiss, and now they jointly seek to utilize third-party practice pursuant to Fed. R. Civ. P. 14 to bring in new parties as Third Party Defendants. ECF No. 68, 81, 89 at 3, 113. In the caption, Third Party Plaintiffs allege that they bring the Third Party Complaint on behalf of the other members of CIF and the class of note holders of CIF. ECF No. 89 at 1. They rely on S.C. Code Ann. § 33-44-1101 (1996), and they allege that Arthur Field "advances all claims herein on behalf of himself and as representative for the 10% minority interests in CIF." ECF No. 89 at 2. Additionally, they allege that Arthur Field "advances these claims on behalf of the Note Holders of CIF, who are its sole judgment creditor, and request class certification as to such Note Holders." *Id.* Further, they allege that Arthur Field is an attorney admitted in Connecticut in 1978 and New Jersey in 1977. ECF No. 89 at 3.

Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review pretrial proceedings in this civil action. Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

2

*Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Third Party Complaint is subject to review pursuant to the inherent authority of this court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1]  *See Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction), *adopted,* 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F. App'x 246 (2007); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Third Party Plaintiffs are *pro se* litigants, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). Even under this less stringent standard, the Third Party Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Third Party Plaintiffs should not be permitted to serve a summons and Third Party Complaint on the Third Party Defendants because a *pro se* party does not have standing to bring a civil action in this court on behalf of others. *See Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate

---

[1] This court is not conducting an initial review of the Third Party Complaint pursuant to 28 U.S.C. § 1915.

3

the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action). In *Myers*, the Fourth Circuit Court of Appeals explained that, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." *Id.* This is a right of high standing which "'reflects a respect for the choice of an individual citizen to plead his or her own cause.'" *Id.* (quoting *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citing 28 U.S.C. § 1654). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others. *Myers*, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court ..., and jealously guards the judiciary's authority to govern those who practice in its courtrooms...." *Id.* Here, allegedly Arthur Field is an attorney in another state(s), but it appears that he is not a licensed attorney admitted to practice in this court. Thus, he proceeds as a *pro se* party, or layperson, in this action. Accordingly, the rule explained in *Myers* protects the rights of the other members of CIF and the purported class of note holders of CIF because it is too risky to permit laypersons to litigate their claims due to the risk of the layman's limited competence to litigate.

Moreover, this court is not permitted to certify a class action where a *pro se* litigant will act as the representative of that class. *Neal v. Duke Energy*, C/A No. 6:11-1420-HFF-KFM, 2011 WL 5083181, at *2 (D.S.C. June 30, 2011), *adopted* 2011 WL 5082193 (D.S.C. Oct. 26, 2011). Of course, Third Party Plaintiffs rely on the South Carolina Code provision

4

that, "[a] member of a limited liability company may maintain an action in the right of the company if the members or managers having authority to do so have refused to commence the action...." S.C. Code Ann. § 33-44-1101 (1996). Here, the company CIF, which is the company Third Party Plaintiffs seek to bring suit on behalf of, did not refuse to commence an action. It filed this action on behalf of CIF. Thus, S.C. Code Ann. § 33-44-1101 is not applicable to this case.

## Recommendation

Accordingly, it is recommended that the district court dismiss the Third Party Complaint *without issuance or service of process and without prejudice*. **Third Party Plaintiffs' attention is directed to the important notice on the next page.**


May 7, 2013                                              s/Jacquelyn D. Austin
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).