IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Capital Investment Funding, LLC, | ) Civil Action No.: 6:12-3401-MGL |
| Plaintiff, | ) |
| v. | ) |
| Arthur Field, Kathryn Taillon, Brad Kelley, et al. | ) |
| Defendants. | ) |
| _____ | ) |
| Arthur Field, Individually, and on behalf of the Other Members of Capital Investment Funding, LLC, and the Class of Note Holders Capital Investment Funding, LLC, and Kathryn Taillon, | ) |
| | ) **OPINION AND ORDER** |
| Third Party Plaintiffs, | ) |
| vs. | ) |
| Jerry Saad, Curtis Stodghill, Craig Allen, et al., | ) |
| Third Party Defendants. | ) |
| _____ | ) |

Defendants Arthur M. Field and Kathryn Taillon ("Third Party Plaintiffs"), proceeding *pro se*, together have filed a pleading entitled Third Party Claim ("Third Party Complaint") pursuant to Fed. R. Civ. P. 14 seeking issuance and service of a summons and complaint on certain non-parties who allegedly are or may be liable to them for all or part of the claims against them. (ECF No. 89.) Third Party Plaintiffs further seek to bring the Third Party Complaint on behalf of other members of Capital Investment Funding, LLC and the class of note holders of Capital Investment Funding, LLC. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.

On May 7, 2013, Magistrate Judge Austin issued a Report and Recommendation recommending that the Court dismiss the Third Party Complaint without issuance or service of

process. (ECF No. 99.) The Report and Recommendation states that the Third Party Plaintiffs, because they are *pro se*, do not have standing to bring a civil action in this court on behalf of others, and that this Court is not permitted to certify a class action where a *pro se* litigant will act as the representative of that class. (ECF No. 99 at 3-4.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

The parties were advised of their right to file objections to the Report and Recommendation. (ECF No. 99 at 6.) No objections were filed, and the time for doing so expired on May 24, 2013. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court adopts the Report and Recommendation. The Third Party Complaint (ECF No. 89) is DISMISSED without prejudice and without issuance or service of process.

IT IS SO ORDERED.

                                                    s/Mary G. Lewis
                                                    United States District Judge

June 20, 2013
Spartanburg, South Carolina