IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Capital Investment Funding LLC, ) | C.A. No.: 6:12-cv-03401-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Arthur Field, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a motion to dismiss filed by Defendant Nathan Holbrooks ("Nathan Holbrooks"). [Doc. 77.] Nathan Holbrooks is proceeding pro se. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters in cases involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff brings this action alleging twenty-one causes of action, including civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims and numerous state law claims, "to recover those moneys loaned by South Carolina noteholders who collectively invested $40 million, without knowledge of the fraudulent schemes created by and perpetuated by the defendants." [Doc. 11 at 3.] Plaintiff alleges that Nathan Holbrooks was a co-owner of J&H Builders, Inc. [*Id.* ¶ 270.] J&H Builders, Inc. allegedly prepared fraudulent construction progress report forms to submit to CommunitySouth Bank and Trust to draw upon construction loans. [*Id.*] This alleged scam generated

approximately $4,890,000 in sales proceeds. [*Id*.] Plaintiff alleges that, from 2006 through 2007, J&H Builders, Inc., Melinda Holbrooks, and Nathan Holbrooks received approximately $3,440,000 for their participation in the fraud. [*Id*. ¶ 274].

On April 22, 2013, the Clerk of Court filed a letter from Nathan Holbrooks, which the Court construed as an answer and a motion to dismiss. [Docs. 53, 77.][1] On May 9, 2013, Plaintiff filed a response in opposition to Nathan Holbrooks's motion to dismiss. [Doc. 112.] Accordingly, Nathan Holbrooks's motion to dismiss is ripe for review.

## APPLICABLE LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

---

[1] Docket Entry Numbers 53 and 77 are the same letter, filed twice. The Clerk of Court first filed the letter as Nathan Holbrooks's answer based on the letter's representation that it is Nathan Holbrooks's answer. [Doc. 53.] However, after closer review of the letter, it also appeared to be a motion to dismiss; accordingly, out of an abundance of caution, the letter was re-filed as a motion to dismiss. [Doc. 77.]

2

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## **DISCUSSION**

In his letter, Nathan Holbrooks alleges that although he performed work for J&H Builders, he was never an owner of the company. [Doc. 77 at 1.] He also contests Plaintiff's failure to use his full legal name, James Nathan Holbrooks. [*Id.*] Nathan Holbrooks also contends that J&H Builders was not incorporated, that he is no longer married to Melinda Holbrooks, that all documents related to the company are in Melinda

3

Holbrooks's possession, and that he never received any funds from the company. [*Id.*] Nathan Holbrooks requests that he be "removed immediately as a defendant in this case." [*Id.* at 2.]

As stated above, when considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc.*, 7 F.3d at 1134. Accepting the allegations as true and viewing the allegations in a light most favorable to Plaintiff, Plaintiff has alleged Nathan Holbrooks's ownership, interest, and/or participation in J&B Builders sufficient to withstand a motion to dismiss. While Nathan Holbrooks contends he was not an owner, received no money, and is not properly addressed by his legal name, the issue before the Court is whether Plaintiff has pled allegations that, when viewed in Plaintiff's favor, give rise to a cause of action against Nathan Holbrooks. Plaintiff alleges that Nathan Holbrooks was an owner in J&H Builders, Inc., which prepared fraudulent construction progress report forms to submit to CommunitySouth Bank and Trust to draw upon construction loans, generating approximately $4,890,000 in sales proceeds and that, from 2006 through 2007, J&H Builders, Inc., Melinda Holbrooks, and Nathan Holbrooks received approximately $3,440,000 for their participation in the fraud. Taking these allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds Plaintiff's allegations are sufficient to survive a motion to dismiss.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Nathan Holbrooks's motion to dismiss be DENIED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

August 23, 2013
Greenville, South Carolina