# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Capital Investment Funding LLC, | ) | Civil Action No. 6:12-3401-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Arthur Field, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Capital Investment Funding LLC ("Plaintiff") filed this complex civil action alleging twenty one causes of action including civil Racketeer Influenced and Corrupt Organization Act ("RICO") claims and numerous state law claims. (Docs. # 1, # 6 and # 11). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling and a Report and Recommendation ("Report"). On December 20, 2013, the Magistrate Judge issued a Report that considered the several pending Motions to Dismiss filed by the following Defendants or groups of Defendants: Kathryn Taillon, (Doc. # 68), Arthur Field, (Doc. # 81), Trazom LLC, (Doc. # 102), Davyd Field, (Doc. # 227), Allyson Field, (Doc. # 240), James Caserta, Martin Ender and David Lorenzo, (Doc. # 308), Stuart Katz, (Doc. # 332), Elliot Salzman, (Doc. # 342), Advance Business Funding LLC, Roger Ezell, Ezell Investment Company LLC, Benjamin Hines, Instant Cash Inc., and Barry Lynn Spencer, (Doc. # 354), Pelican Way Financial LLC, (Doc. # 375,) and Joshua Ward, (Doc. # 461). In the Report, the Magistrate Judge recommends that the above pending Motions to Dismiss be denied with leave to re-file supplemental motions addressing: (1) whether the Private Securities Litigation Reform Act, ("PSLRA"), which amends § 1964© of the RICO statute, bars Plaintiff's

RICO claims in this case; and (2) whether the applicable statute of limitations bars the RICO claims in this case. (Doc. # 478). Objections to the Report were due by January 6, 2014. Plaintiff filed a timely Objection to the Report, (Doc. # 490), as did the following Defendants: Kathryn Taillon, (Doc. # 480), Arthur Field, (Doc. # 482), Pelican Way Financial LLC, (Doc. # 485), Stuart Katz, (Doc. # 486), James Caserta, Martin Ender and David Lorenzo, (Doc. # 487), Allyson Field, (Doc. # 489), and Eliot Salzman. (Doc. # 491). Defendants Kathryn Taillon and Arthur Field also filed documents in the nature of a Reply to Plaintiff's Objection. (Docs. # 495, # 496, # 497, and # 498).

The Court has reviewed all of the aforesaid documents and is guided by the following legal principles:

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, de novo, the Report and the Objections thereto. After careful review of the Report and Objections thereto, the court **ACCEPTS** and incorporates the Report , (Doc. # 478), by reference into this Order. It is therefore **ORDERED**

that the several pending Motions to Dismiss filed by the respective Defendants and groups of Defendants in this case, (Docs. # 68, # 81, # 102, # 227, # 240, # 308, # 332, # 342, # 354, # 375, and # 461), be denied with leave to re-file supplemental motions addressing: (1) whether the Private Securities Litigation Reform Act, ("PSLRA"), which amends § 1964© of the RICO statute, bars Plaintiff's RICO claims; and (2) whether the applicable statute of limitations bars the RICO claims in this case.  The motions and memoranda submitted by the litigants should address at minimum the issues outlined by the Magistrate Judge on pages 12 and 14 of the Report.  The Court is cognizant of the litigants' concerns regarding the preservation of objections.  In the event that the Court concludes that this matter is not barred by one or both of the above referenced grounds, the Defendants will be extended further leave to re-file for dismissal with supplemental motions addressing any other grounds for dismissal raised in their original filings, including dismissal based upon a lack of personal jurisdiction.

**IT IS SO ORDERED**.

                                                                    s/Mary G. Lewis
                                                                    United States District Judge

January 14, 2014
Spartanburg, South Carolina